

**Dated: April 19, 2010**

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| DAVID LOPEZ and | ) No. 4:08-bk-12937-JMM |
| MARIA JESSICA LOPEZ, | ) |
| | ) **MEMORANDUM DECISION** |
| Debtors. | ) |

On April 13, 2010, a trial was held on the motion for stay relief filed by America's Servicing Company ("ASC"). The parties appeared through counsel. Two witnesses were called, and documentary evidence was introduced. At the conclusion of the hearing, the court took the matter under advisement. It now rules.

## **FACTS**

1.  The Debtor, Jessica Lopez, executed a promissory note in favor of New Century Mortgage Corporation for $131, 400 (Ex. 1).

2.  Co-Debtor, David Lopez, was not a signator on that note (Ex. 1).

3.  As security therefor, Jessica Lopez executed a Deed of Trust upon her real property residence at Lot 87, RITA MANOR, Book 14 of Maps, Page 33, Pima County, Arizona (Ex. 2).

4.  Jessica and David Lopez reside in the real property described in paragraph 3, above.

1     5. On September 25, 2008, the Debtors filed a voluntary Chapter 13 bankruptcy

2            petition.

3     6. The Debtors have failed to make monthly payments, under the promissory note

4            (Ex. 1), and are delinquent, post-petition, from June, 2009 to the present, a

5            period of 11 months. The post-petition arrearage owed on the Note through

6            April, 2010, is $15,407.50.

7     7. There also existed a pre-filing arrearage on the Note, as well.

8     8. ASC holds both the original Note (Ex. 1) and Deed of Trust (Ex. 2). The Deed

9            of Trust was also recorded in the Office of the Pima County Recorder. This

10           recording was contemporaneous with the Note's execution and the closing of

11           the Note-loan transaction.

12     9. In their bankruptcy schedules, filed on September 25, 2008, the Debtors listed

13           the Note obligation on their home as an uncontested, undisputed, non-

14           contingent and liquidated debt in the amount of $168,312 (Sch. A, DN 2). The

15           court may take judicial notice of its own files. FED. R. EVID. 201.

16     10. Similarly, in the Debtors' Schedule D, they listed ASC as the party to whom

17           the payments under the Note were to be paid. The debt still due and owing

18           was listed as $139,178.

19     11. On September 1, 2009, Schedule D was amended to reflect a dispute with

20           ASC.

21     12. The Debtors were directed to make monthly payments to ASC. ASC accounts

22           for the Debtors' payments, when made.

23     13. The Debtors did not testify. Consequently, no evidence was presented by the

24           Debtors that they were confused by where, or to whom, they were to send the

25           monthly payments under the Note (Ex. 1).

26     14. Similarly, the Debtors presented no evidence to reflect that they have received

27           conflicting instructions as to where, and to whom, their payments are to be

28           made each month. There is no ambiguity in that regard.

1    15.    On September 1, 2009, the Debtors filed an Amended Chapter 13 Plan.  In it,

2           the Debtors noted that they intended to dispute the secured creditor's right to

3           foreclose on the residence (DN 49).

4    16.    On September 4, 2009, the Debtors filed an objection to ASC's proof of claim,

5           contending that ASC was an unsecured creditor (DN 53).

6    17.    To date, the Debtors' Amended Chapter 13 Plan has not been confirmed.

7

8                                  **DISCUSSION**

9

10          The Debtors defend the stay relief motion on the grounds that the moving creditor

11   does not have legal or "constitutional standing" to seek stay relief.  The court disagrees.  ASC's

12   custodian of records, Ms. DeCaro, testified that ASC was in  possession of the original Note,

13   maintained the payment ledger and collected and disbursed payments thereon.  She further testified

14   that she was authorized to do so pursuant to agreements with those creditors in privity to the Note.

15   Therefore, ASC has shown that it has a colorable right to seek stay relief.

16          Any party affected by the stay is entitled to seek relief. 3 COLLIER'S ON BANKRUPTCY

17   ¶ 362.07[2] (Henry Somers & Alan Resnick, eds. 15th ed., rev. 2009); *Matter of Brown Transp.*

18   *Truckload, Inc.*, 118 B.R. 889, 893 (Bankr. N.D. Ga. 1990); *In re Vieland*, 41 B.R. 134, 138 (Bankr.

19   N.D. Ohio 1984)).  Relief from stay hearings are limited in scope--the validity of underlying claims

20   is not litigated.  *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985).  As one court has noted, "[s]tay

21   relief hearings do not involve a full adjudication on the merits of claims, defenses or counterclaims,

22   but simply a determination as to whether a creditor has a colorable claim." *In re Emrich*, 2009 WL

23   3816174, at *1 (Bankr. N.D. Cal. 2009).

24          Because it both holds the original Note, is charged with collecting the Debtors'

25   payments thereon, and in accounting for such payments, ASC has legal standing to seek relief. (*See*

26   Exs. 1, 2, 6 and "C.")

27          A movant for stay relief need only present evidence sufficient to present a colorable

28   claim—not every piece of evidence that would be required to prove the right to foreclose under a

Case 4:08-bk-12937-JMM    Doc 84    Filed 04/19/10    Entered 04/20/10 08:50:38    Desc
                          Main Document      Page 3 of 6

1  state law judicial foreclosure proceeding is necessary. *In re Emrich*, 2009 WL 3816174, at \*1

2  (Bankr. N.D. Cal. 2009).  Accordingly, not every movant for relief from stay has to provide a

3  complete chain of a note's assignment to obtain relief.

4           Arizona's deed of trust statute does not require a beneficiary of a deed of trust to

5  produce the underlying note (or its chain of assignment) in order to conduct a Trustee's Sale. *Blau*

6  *v. Am.'s Serv. Co.*, 2009 WL 3174823, at \*6 (D. Ariz. 2009); *Mansour v. Cal-W. Reconveyance*

7  *Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009); *Diessner v. Mortg. Elec. Registration Sys.*, 618

8  F. Supp. 2d 1184, 1187 (D. Ariz. 2009).  It would make no sense to require a creditor to demonstrate

9  more to obtain stay relief than it needs to demonstrate under state law to conduct a judicial or

10  non-judicial foreclosure.  Moreover, if a note is endorsed in blank, it is enforceable as a bearer

11  instrument. *See In re Hill*, 2009 WL 1956174, at \*2 (Bankr. D. Ariz. 2009).  Therefore, this court

12  declines to impose a blanket requirement that all movants must offer proof of a note's entire chain

13  of assignments to have standing to seek relief although there may be circumstances where, in order

14  to establish standing, the movant will have to do so.  This is not one of those cases based on the

15  undisputed factual evidence in this case.

16           It is also undisputed that the Debtor, Jessica Lopez, who signed the Promissory Note

17  and Deed of Trust (Exs. 1 and 2), was severely delinquent in payments on the Note, both pre- and

18  post-petition.  Post-petition, she has missed numerous monthly payments on the Note.  Since the

19  Note secures her residence, 11 U.S.C. § 1322(b)(5) requires that it be kept current, from the date of

20  filing forward.  She has failed to abide by this basic premise of Chapter 13 law.

21           The court finds and concludes that cause exists to lift the stay, due to the Debtors'

22  failure to abide by 11 U.S.C. § 1322. All of the Debtors' other defenses have failed to persuade the

23  court that the Debtors should remain in their residence, without consequence.

24           Similarly, the Debtors' defense that the creditor or creditors' internal transactions,

25  solely between themselves, somehow gives the Debtors a legal reason not to repay the money

26  Jessica Lopez borrowed and promised to pay monthly.  The Debtors failed to carry the shifted

27  burden of proof on those issues.

28

1    Simply put--the Debtor, Jessica Lopez signed a Promissory Note. The Debtors have

2   not paid according to its terms. The Note and its collateral security are now subject to foreclosure

3   unless the Debtors reinstate pursuant to ARIZ. REV. STAT. § 33-801 *et seq.*

4

5                               **CONCLUSIONS OF LAW**

6

7    The automatic stay, imposed by 11 U.S.C. § 362(a), shall be dissolved for cause.

8   Cause is shown by the Debtors' failure to pay on the mortgage note, post-petition, according to its

9   terms.

10    The creditor made a *prima facie* case for stay relief. Once the creditor proved its

11  *prima facie* case, the burden of proof shifted to the Debtors to persuade the court that their defenses

12  to the Note's enforcement outweighed the creditor's *prima facie* case, and thus defeat the "cause"

13  shown by the creditor. The Debtor failed to carry this shifted burden.

14    An order will be entered dissolving the automatic stay of 11 U.S.C. § 362(a), in favor

15  of ASC, the creditor herein.

16    As holder of the original Note, ASC has the right to move for stay relief, and therefore

17  has legal standing to do so.

18    Because the Debtors have failed in their statutory obligation to meet their post-

19  petition, monthly mortgage payments as required by 11 U.S.C. § 1322(b)(5), cause exists to lift the

20  stay.

21    The proof of claim filed by ASC, as Claim No. 7, is *prima facie* valid. FED. R.

22  BANKR. P. 3001(f); *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005). Debtors' objections to the proof

23  of claim did not overcome the claim's *prima facie* validity, nor the proof offered and admitted at

24  the stay relief hearing. The Debtors' objection to the claim shall be OVERRULED.

25

26                                    **RULING**

27

28    The stay will be lifted for cause. 11 U.S.C. § 362(d)(1).

1            The Debtors' objection to ASC's proof of claim is OVERRULED.

2            A separate order will be entered contemporaneously with this Memorandum Decision.

3 Any appeal must be filed within 14 days after entry on the court's docket. No "motions for

4 reconsideration" or to alter or amend, or to set aside under FED. R. CIV. P. 59 and 60, will be

5 entertained. The Debtors' sole remedy shall be by appeal.

6

7            DATED AND SIGNED ABOVE.

8

9 COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to the following:

10
Ronald Ryan, Attorney for Debtor

11
Leonard J. McDonald, Attorney for America's Servicing Company

12
Dianne C. Kerns, Trustee

13
Office of the U.S. Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 4:08-bk-12937-JMM    Doc 84    Filed 04/19/10    Entered 04/20/10 08:50:38    Desc
Main Document     Page 6 of 6